IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VIRGIL F. LIPTAK d/b/a DESIGNED | ) Case No. 03 B 29854 |
| FINANCIAL SERVICES, | ) |
| | ) Judge Jacqueline A. Cox |
| | ) |
| Debtor and Debtor in Possession. | ) Hearing: November 19, 2003 at 2:00 P.M. |

### DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION
### TO THORNHILL'S MOTION TO DISMISS CASE

Debtor and Debtor in Possession VIRGIL F. LIPTAK d/b/a DESIGNED FINANCIAL

SERVICES ("Liptak"), by and through his attorneys at  Forrest L. Ingram, P.C., submits this

Memorandum of Law in support of Debtor's Response to the motion of creditor Elizabeth

Thornhill ("Thornhill") to dismiss Debtor's chapter 11 case.

### Summary of Issues and Argument

In her Motion, Thornhill argues, based on half-truths and misleading citations to

authority, that this Court, before it even gives the Debtor an opportunity to set forth its plan of

reorganization (as the legislature surely intended by setting up the plan-centered criteria for

"cause" in § 1112), should determine, on the basis of various largely irrelevant exhibits attached

to the Motion, that Debtor filed his petition in "bad faith".  Thornhill asks the Court to divine

Liptak's intentions from the exhibits and to find that Debtor is "simply trying to avoid posting an

appeal bond"; that Debtor has filed the chapter 11 as part of a two-party collection case; and that

Debtor is merely forum shopping.  Thornhill also argues that the Court should abstain from

exercising jurisdiction over this chapter 11 case because the bankruptcy court in the Northern

District of Illinois is a forum non conveniens; a chapter 11 case in Chicago is not economical;

Thornhill will be prejudiced by being forced to litigate issues in this Court; and venue is not

proper in Illinois.

Liptak presents the "relevant facts" from a different perspective (see below) and argues

that he has a right to file his chapter 11 case in the Northern District of Illinois and to reorganize

his business interests in this District; that he need not be insolvent to be a chapter 11 debtor in

possession; that he did not file simply to avoid posting a bond (even though his filing had that

result); that his seeking a forum to resolve claim disputes expeditiously is legitimate; that he would be prejudiced by having his case remanded to Texas court; and that venue for his chapter 11 case is proper in Illinois.

## Statement of Facts

Virgil Liptak, a judge for the National Association of Securities Dealers and a business turnaround expert, resides in Dallas, Texas, but maintains his principal asset in Chicago, Illinois. He was divorced from Elizabeth Thornhill about ten years ago. Prior to filing the chapter 11 case, Liptak was a successful civic and business leader. His financial advice led Thornhill (who testified that she owned nothing when first married) to leave the 15-year relationship with nearly $5 million in liquid assets and a 65% interest in a business that was worth (as she testified) about $40 million. Liptak alleges that the litigation prosecuted by Thornhill in the Texas courts caused him to be cast in an unfavorable light in the 5th Circuit. He claims that a Texas judge, who took uncustomary campaign contributions from two law firms that were opposing Liptak, struck Liptak's pleadings a few days later, and that, since that time, he has been blacklisted by the legal community, unable to practice his chosen profession in Texas or to make use of his licensing, education, training, skill, and experience. Liptak also claims to have been deprived of his civil rights in Texas and been subjected to baseless quasi-criminal prosecutions there. He asserts that he is unable to obtain a fair trial there.

Liptak, acting *pro se*, filed a chapter 11 case in the Northern District of Illinois, Eastern Division, on July 16, 2003 for reorganizational reasons, including: to resolve claims against him and bring disputes to finality in order to free himself to return with full force to directing his business enterprises; to preserve and marshal his assets; and to recover money and property for his estate. Liptak continues in possession of his assets and promotes his business interests under 11 U.S.C. § 1107 and § 1108. As a result of his filing, he was allowed to continue his appeal without posting a supersedeas bond and to remove litigation to an unbiased venue.

Liptak has more than one creditor. On Schedule F, Liptak listed four disputed unsecured claims aggregating to more than $63 million. A copy of Debtor's Schedules is attached hereto as **Exhibit A**. In prior state court cases, creditor Thornhill had argued that the Colgin companies were separate entities, not alter egos of Thornhill, and Liptak so listed them on Schedule F. By the bar date for filing proofs of claim, Thornhill had filed a proof of claim in the sum of $2,054,947.80; Bourland Kirkman had filed a proof of claim in the sum of $10,872.00; but no

2

other creditor had filed a proof of claim. Thus, Liptak, by remaining in his chapter 11 case, will realize a reduction of indebtedness from $63 million to a little over $2 million.

Liptak timely presented himself at the first meeting of creditors and answered all questions truthfully. Neither Thornhill nor the Trustee has alleged that Liptak's schedules are inaccurate or that Liptak is not eligible for chapter 11 relief.

In chapter 11, Liptak seeks to recover money and intangible assets withheld from him. Liptak was employed by Richard E. Colgin I, Ltd. and claims unpaid wages due from that company. He purchased business assets at a Sheriff's auction in 1998, but they were never turned over to him.

Thornhill submitted to the personal jurisdiction of this Court by filing a proof of claim in this case. Her Texas attorney was admitted to practice in this Bankruptcy Court on August 28, 2003. Liptak has been granted until November 30, 2003 to file an objection to Thornhill's claim. He intends to do so, and to couple his objection with a request for affirmative relief pursuant to Rule 3007. Liptak claims that Thornhill ruined his reputation, illegally took 90% of his net worth, and embroiled him in multi-party litigation in Texas and Pennsylvania so as to undermine his business. He contends that, by doing so, Thornhill abused judicial process. Liptak intends to include in his counterclaim against Thornhill other causes of action provided for in the Bankruptcy Code, including fraudulent and/or preferential transfers. Liptak has also, through the office of the U.S. Trustee, requested that the Department of Justice investigate Liptak's allegations of various federal crimes allegedly committed against him.

Prior to obtaining bankruptcy counsel in this case, Liptak had successfully filed his petition and schedules, paid his fees, successfully concluded the first meeting of creditors, filed his operating report, filed a notice of removal, and fulfilled his obligations as a debtor in possession in a chapter 11 case. He asks the Court to allow him to complete his reorganization, to litigate his objections to claims and counterclaims, to file adversaries to recover money and intangible assets for the estate, and to propose a plan of reorganization.

## Argument

### I.      *Liptak Is Eligible to be a Chapter 11 Debtor.*

Thornhill has suggested that Liptak is not insolvent and so should not be entitled to relief under chapter 11 of the Code. Insolvency is not a prerequisite for filing a chapter 11 case. It is well-settled that a debtor "need not claim insolvency to file" a bankruptcy petition. *In re*

*International Oriental Rug Center, Inc.* 165 B.R. 436, 442 (Bankr.N.D. Ill. 1994). In that case, the Court ruled that movants had not met their burden of proving a "bad faith" filing. Debtor has not violated any requirement of the Bankruptcy Code and is not vulnerable to a motion to dismiss based upon any of the statutory "causes" of 11 U.S.C. § 1112(b). Therefore, any challenge to Debtor's right to formulate and present a plan of reorganization must be based upon equitable considerations, not statutory requirements.

## II.   *Thornhill Has Not Borne Her Burden to Prove that Liptak Filed in Bad Faith.*

Thornhill asserts, gratuitously, that Liptak filed his chapter 11 case in "bad faith." Thornhill has not cited any of the enumerated grounds for dismissal found in § 1112. Although § 1112(b) does not explicitly require that cases be filed in "good faith," courts have developed a doctrine that lack of good faith in filing establishes cause for dismissal. In re: N.R. Guaranteed Retirement, Inc., 112 B.R. at 270. As Chief Judge Wedoff explained:

> Section 1112(b) and its associated "good faith" doctrine are primarily concerned with the underlying question whether reorganization is the proper course of action in a particular debtor's case. On that score dismissal of a Chapter 11 petition--like dismissal of any lawsuit--is not imposed principally as a sanction of bad intentions or obstreperous behavior. Instead, dismissal flows from the legal determination the debtor is not entitled to the remedy it seeks. Thus, instead of a consistent rule, the principal guidance offered by the decisions involving "good faith filing" are varying lists of factors, some bearing on objective factors such as the likelihood of a successful reorganization, and some bearing on the mental state of those filing the case. Id. at 271 *citing* Mandalay Shores Cooperative Housing Ass'n, Inc., 63 B.R. 842, 849 (N.D.Ill. 1988).

The determination of whether Liptak filed the instant case in "bad faith" entitling Thornhill to dismissal of the chapter 11 case depends "largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." N.R. Guaranteed Retirement, Inc., 112 B.R. at 271 *citing* In re: Little Creek Dev. Co., 779 F.2d 1068, 1072-73 (5th Cir. 1986). "Findings of lack of good faith [are] predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than on any single datum." Id.   In the instant case, Thornhill cannot carry her burden to prove by a preponderance of evidence that Liptak filed his chapter 11 case in "bad faith" warranting dismissal of this case.

It is well established that "the burden of proving that a petition was filed in bad faith rests with the movant..." and "the burden of proving [whether dismissal is warranted] remains at all times with the movant." In re: Gleason, 2002 WL 570647 (N.D.Ill. 2002) *citing* In re:

4

Westbrook Associates, 19 F.3d 312, 317 (7th Cir. 1994). "The movant bears the burden of proving by a preponderance of the evidence that cause exists for dismissal of the debtor's bankruptcy case." Westbrook, 19 F.3d at 317 (internal citations omitted). "[T]he burden of proof rests on the creditor to establish both that the debtor has no need of bankruptcy protection and that the bankruptcy filing substantially impacts the creditor's non-bankruptcy rights." N.R. Guaranteed Retirement, Inc., 112 B.R. 263, 273 (Bankr.N.D.Ill. 1990) aff'd 119 B.R. 149 (N.D.Ill. 1990). Thornhill has not borne her burden of proof. On the contrary, Liptak had numerous legitimate reasons for filing his chapter 11 case, and for doing so in the Northern District of Illinois, Eastern Division.

A.   *One reason Liptak filed the instant petition was to avoid execution upon funds being held by third parties that would severely disrupt his business.*

Thornhill seeks to enforce a judgment against Liptak's business assets in Pennsylvania. She wants to dismiss this chapter 11 case not to continue litigation in Dallas, as she would have this Court believe, but in Pennsylvania! Liptak has sought the protections afforded chapter 11 debtors by filing the instant petition. One reason that the instant petition was filed was to prevent the enforcement of a civil judgment in Pennsylvania, and to prevent execution of the judgment on his business assets.

Thornhill argues that "Liptak is simply trying to avoid posting an appeal bond". However, "there is nothing improper in a debtor's thwarting state court collection proceedings by filing a Chapter 11 petition, as long as reorganization is both needed and feasible." N.R. Guaranteed Retirement, Inc., 112 B.R. at 273 (internal citations omitted). As the court in McStay explained:

> It is quite common and not inappropriate for a debtor to use chapter 11 to obtain a respite from a creditor or creditors aggressively seeking to collect on a debt, even when execution is imminent, provided that financial rehabilitation is possible...Indeed, that is one of the underlying purposes which the bankruptcy process, by virtue of the automatic stay, was meant to serve. 82 B.R. 763, 768 (Bankr.E.D.Pa. 1988).

Furthermore, Chief Judge Wedoff has concluded that a general rule has been established for analyzing claims of "bad faith" in conjunction with appeal bonds:

> A Chapter 11 filing is in good faith and may be used to replace an appeal bond if the judgment against the debtor is so large that the debtor faces severe disruption

of his business if enforcement of the judgment is not stayed. N.R. Guaranteed Retirement, Inc., 112 B.R. at 272 (internal citations omitted).

The case of Marsh cited by Thornhill is distinguishable from the instant case and should be disregarded. *See generally* In re: Marsh, 36 F.3d 825 (9th Cir. 1994). In Marsh, the debtor, an individual who was not engaged in any type of business, sought bankruptcy relief by filing a chapter 11 petition for the purpose of preventing the entry of a judgment against him and to avoid the payment of an appeal bond that would stay enforcement of the judgment pending appeal. *See* Id. at 827. Upon filing of the chapter 11 petition, the judgment creditor filed a Motion seeking dismissal of the chapter 11 case and claimed such was filed in "bad faith" for the sole purpose of avoiding having to post an appeal bond to stay enforcement of the judgment that was to be rendered. Id.

The 9th Circuit evaluated whether the case was filed in "bad faith" thus justifying dismissal of the bankruptcy case and concluded that the "existence of "good faith" depends on a amalgam of factors and not upon a specific fact." Id. at 828 (internal citations omitted). Further, for purposes of examining the debtor's "good faith" in terms of its impact upon the filing of an appeal bond, the Court stated:

> Several bankruptcy courts have held that a debtor may use a Chapter 11 petition
> to avoid posting an appeal bond if satisfaction of the judgment would severely
> disrupt the debtor's business. A petition filed for this purpose doesn't comport
> with the objectives of the bankruptcy laws, however, if the debtor can satisfy the
> judgment with nonbusiness assets.

In examining the debtor and the debtor's purposes for filing a chapter 11 petition, the Marsh court concluded that the debtor "wasn't involved in a business venture," and that the "judgment "didn't pose any danger of disrupting business interests." The 9th Circuit concluded that because the debtor was not involved in a business venture the bankruptcy court "correctly held that the debtor's petition was filed in bad faith." Id.

The determining factor to be examined in the present case is whether Liptak can pay the judgment with "nonbusiness assets" and whether enforcement of the judgment would cause "severe business disruption." *See generally* Id. at 829. In the present case, Liptak disclosed on his petition and schedules that he is doing business as Designed Financial Services, a sole proprietorship of Liptak, that engages in financial and business management. Liptak further disclosed that he has conducted said business from 1985 to the present. Liptak disclosed a 35%

interest in the limited partnership Richard E. Colgin I, Ltd. Furthermore, Liptak disclosed a personal property interest in "goodwill" associated with his business ventures. It follows that the funds being held in the Vanguard account in Pennsylvania, the property upon which Thornhill seeks to enforce her judgment, are funds associated with Liptak's business and are, in turn, business assets. Thus, to permit Thornhill to enforce her judgment against the funds being held *in Pennsylvania* would permit her to enforce against "business assets" of Liptak, prohibited by the holding in <u>Marsh</u>.

Further, to allow Thornhill to enforce her judgment against the funds held in Pennsylvania would severely disrupt the debtor's business, and thus this case should not be dismissed. In his schedules, Liptak disclosed property valued in excess of $5,000,000.00. Additionally, Liptak disclosed causes of action for money damages and equitable relief, including seeking the return of a substantial amount of assets fraudulently withheld from the debtor, all of which are contingent interests of Liptak. To permit Thornhill to enforce her judgment against approximately 33% of Liptak's liquid assets would severely disrupt the debtor's business. Furthermore, permitting such enforcement will substantially impair Liptak's efforts to recover money and to seek the return of property fraudulently withheld.

### B.    *Liptak has other legitimate reasons for filing the chapter 11 case.*

Another reason Debtor filed his chapter 11 case was to obtain a global resolution of multiple charges and countercharges being adjudicated or yet to be adjudicated in various courts. The Seventh Circuit Court of Appeals held recently that a debtor did not act in bad faith for the purpose of deciding whether his chapter 11 petition should be dismissed when he filed for the legitimate purpose of trying to obtain a global settlement of multiple charges against him. *In re Hall*, 304 F.3d 743, 747 (7th Cir. 2002).

Liptak has filed two Notices of Removal to bring all outstanding issues against various litigants into one courtroom for global resolution. Facts similar to the case at bar were presented to a bankruptcy judge in Kentucky and resolved *per curiam* in *Coffey v. Kool, Mann, Coffee & Co.*, 48 F.3d 1219, 1995 WL 88978 (6th Cir. 1995), and the appellate court ruled that the bankruptcy court did not err by not finding bad faith. The case record indicated massive litigation leading to great expense for both parties. Citing *In re Johns-Manville Corp.*, 36 B.R. 727 (Bankr.S.D.N.Y. 1984), the Court ruled that "bankruptcy protection is proper for consolidation of multi-district litigation." In this case, litigation is proceeding in Texas and

Pennsylvania, and in various courts in Texas. Therefore, chapter 11 is properly used for consolidating the litigation.

The Debtor's right to enjoin actions against him in other forums through the automatic stay of 11 U.S.C. § 362(a) is "the *sine qua non* of the debtor's reorganization." *In re Heron, Burchette, Ruckert & Rothwell*, 148 B.R. 660, 689 (Bankr.D.Dist.Col. 1992).

> Without it, the debtor would not be able to produce a workable plan or reorganization. The debtor would not be able to marshal its available assets in an orderly, expeditious manner. . . . Litigation would be rampant. There would be the race to the courthouse the Code strives to eliminate . . . *Id.*

Another legitimate reason for Debtor to file his chapter 11 case is to restructure his debt and to reduce the amount he has to pay his creditors, both those who filed proofs of claim in his case, and those who did not file proofs of claim. On Debtor's Schedule F, Debtor listed disputed unsecured claims totaling over $63 million, as follows: Elizabeth Thornhill, $30,866,667, R. E. Colgin I, Ltd., $28,166,667, R.E. Colgin Co., $4,087,667, and Bourland Kirkman, $10,872. Of those creditors, R.E. Colgin I, Ltd. and R.E. Colgin Co. failed to file proofs of claim by the bar date, September 16, 2003, thus *reducing Liptak's indebtedness by over $32 million*. Further, Thornhill filed a proof of claim in the amount of $2,054,947.80, thus *reducing Liptak's indebtedness by an additional $28 million*. Bourland Kirkman filed a proof of claim in the scheduled amount of $10,872. Therefore, Debtor has already achieved a legitimate goal of his chapter 11 filing, namely, the resolution of certain indebtedness, reducing his total unsecured indebtedness by approximately $60 million.

Should the Court dismiss this chapter 11 case, it would deprive Debtor of the legitimate reduction of his indebtedness already accomplished in this chapter 11 case.

Debtor has other legitimate reasons for filing his chapter 11 case, including marshalling his assets and reorganizing his business ventures. In *Toibb v. Radloff*, 501 U.S. 157, 163-64, 111 S.Ct. 2197, 2201 (1991), the Supreme Court stated that, in enacting chapter 11, the legislature embodied in it "the general Code policy of maximizing the value of the bankruptcy estate." See also *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351-354, 105 S.Ct. 1986, 1992-94, 85 L.Ed.2d 372 (1985

C.    *The present chapter 11 case is not a "two party collection case" but rather a valid bankruptcy petition seeking relief for purposes of reorganizing the debtor including eliminating a substantial amount of debt and recovering assets fraudulently transferred*

Thornhill should be estopped from asserting that she and the Colgin companies and here attorneys are all "one party" in a two-party dispute, since she testified under oath that the two Colgin companies were not her alter egos. Further, she should be estopped from claiming that Illinois is not convenient for her, since she is seeking to dismiss this case so she can continue her collection action in Pennsylvania, not in Texas.

Further, Liptak has substantial reorganizational purposes in filing the instant chapter 11 case which includes, *inter alia*, eliminating in excess of $60,000,000.00 in general unsecured debt (see Section B above) and recovering substantial business interests which were fraudulently withheld from the debtor. Furthermore, the instant petition has served preliminarily to liquidate and/or eliminate claims held against the debtor by his ex-wife Thornhill and two corporations by requiring them to file proofs of claim under penalty of perjury, setting forth the realistic value of their claims, or to have their claims eliminated (see Section B above). Therefore, contrary to Thornhill's baseless and conclusory statement in her Motion to dismiss, the instant case is much more than a "two party collection" case. There are other claims and causes of action asserted by and against the Debtor that exist outside her "realm" of claims. For the foregoing reasons, Thornhill's claim that the instant case constitutes an "abuse" of the bankruptcy process is unsupported by the facts and the law and should be disregarded.

**D.**   ***Because this is a valid petition with substantial reorganizational purposes, it is improper for this Court to abstain or dismiss pursuant to 11 U.S.C. §305***

The Bankruptcy Code provides that a Court "may dismiss a case under [chapter 11], or may suspend all proceedings in a case under this title, at any time if ... the interest of the creditors and the debtor would be better served by such a dismissal or suspension." 11 U.S.C. §305. Thus, Debtor's interest must be taken into account in deliberating abstention. "In determining whether abstention under §305(a) is appropriate, courts must look to the facts of the individual cases." In re: 801 South Wells Street Limited Partnership, 192 B.R. 718 (Bankr.N.D.Ill. 1996). An application of §305(a) by a court choosing to abstain from exercising its jurisdiction is an "extraordinary remedy" and its "application is appropriate when the interests of the creditors and the debtor are best served by dismissal or suspension." In re: Mazzocone, 200 B.R. 568, 575 (Bankr.E.D.Pa. 1996). One court has held:

> Although [section 305] is applicable to cases under section 1101 et seq. of this
> title generally, it should be sparingly employed and not as a mechanism for either
> dismissal or suspension of proceedings within a case if interests of creditors and
> debtor would be better served by "such dismissal or suspension...." In re Mineral
> Hill Corp., 16 B.R. 687 (Bkrtcy.D.Md.1982).

This district has adopted an expansive view of the factors to be considered in determining
whether abstention or dismissal pursuant to §305 is appropriate, and the factors include:

> (1) economy and efficiency of administration; (2) whether another forum is
> available to protect the interests of both parties or there is already a pending
> proceeding in state court; (3) whether federal proceedings are necessary to reach a
> just and equitable solution; (4) whether there is an alternative means of achieving
> an equitable distribution of assets; (5) whether the debtor and the creditors are
> able to work out a less expensive out-of-court arrangement which better serves all
> interests in the case; (6) whether a non-federal insolvency has proceeded so far in
> those proceedings that it would be costly and time consuming to start afresh with
> the federal bankruptcy process; and (7) the purpose for which bankruptcy
> jurisdiction has been sought. 801 South Wells Street Limited Partnership, 192
> B.R. at 723; accord In re: Fax Station, Inc., 118 B.R. 176, 177 (Bankr.D.R.I.
> 1990).

"Courts construing this section recognize that care is required in exercising the discretion granted
by section [305] to dismiss a case [or abstain], particularly in light or its nonappealability." Id. at
176; Matter of Luftek, Inc., 6 B.R. 539, 548 (Bankr.E.D.N.Y. 1980); Matter of Win-Sum Sports,
Inc., 14 B.R. 389, 393 (Bankr.D.Conn. 1981).

Applying the facts of this case to the criteria set forth in 801 S. Wells Street, the totality
of the circumstances argue against abstention. Debtor has asserted in various pleadings before
this Court and elsewhere that his interests will not be protected in a Texas state court forum, and
has cited chapter and verse to provide a *prima facie* case in support of that claim. Similarly, he
has argued repeatedly that he can hope for a just and equitable resolution of the matters at issue
between himself and his creditors only in this federal court. Although it might be argued that he
could bring legal actions elsewhere, nevertheless, because of the bias he claims and his choice of
venue for this bankruptcy case, there is no real alternative for him to achieve an "equitable
distribution of assets." With respect to working out a "less expensive out-of-court arrangement
which better serves all interests in the case," Debtor has been in litigation for many years on the
matters he hopes now to resolve, once and for all, in this chapter 11 case. The Court should not
refuse him this opportunity to end litigation and to resume a more active role as head of a once-

thriving business. There is no non-federal insolvency proceeding pending anywhere that involves this Debtor. Further, as pointed out in Section B above, Debtor has numerous legitimate business and reorganizational purposes for proceeding with this chapter 11 case, for which he has invoked bankruptcy jurisdiction.

Further, the Court should take note that Thornhill submitted to the jurisdiction of this Court by filing a proof of claim, to which Debtor intends to object. By filing the proof of claim, Thornhill has asked the Court to adjudicate her right to receive $2.2 million from the Debtor. A debtor's objection to claims filed by creditors is a core proceeding under 28 U.S.C. § 157(b)(2)(C). *See* In re: Peachtree Lane Associates, Ltd., 188 B.R. 815 (N.D.Ill. 1995). The Debtor has sought and has been granted an extension of time to file objections to claims, and the Debtor intends to object to the claim filed by Thornhill. Thus, this Court has both subject matter and personal jurisdiction to hear and decide the issues raised in the Debtor's objection to claim and counterclaim to be filed before November 30, 2003. Therefore, there are no jurisdictional reasons for the Court to abstain from hearing and deciding issues relating to the claims of Thornhill and Bourland Kirkman.

Thornhill's arguments do not convince. She claims that Liptak's sole motivation in filing the instant bankruptcy case is for purposes of forum shopping. *See* Motion to Dismiss p. 12. The Debtor is not forum shopping. As Debtor has set forth in Sections B and C above, his choice of the bankruptcy court and a chapter 11 venue is for substantial reorganizational purposes. Debtor is resolving claims disputes, marshalling assets, seeking the turnover of property of the estate, and resolving litigation speedily so he can return to full participation in his business ventures. The filing of the chapter 11 has brought Liptak the incidental benefits of allowing his appeal to proceed without the necessity of filing a supercedeas bond and has relieved him from finding other means to forestall the enforcement and execution of the judgment held by Thornhill against the business assets of the debtor in Pennsylvania, that would substantially impair the debtor's ability to continue to operate his business or to reorganize pursuant to the Bankruptcy Code. All of Debtor's intentions are proper under the Code, and the benefits he derives from his legitimate filing are not grounds for dismissing his case.

**II.    Venue is proper in Illinois as the debtor's largest asset is located here and the Debtor's choice of forum, if appropriate, is granted great deference.**

Thornhill acknowledges that venue in a bankruptcy case is proper in the debtor's domicile, residence, principal place of business or where the principal assets of the debtor are located. 28 U.S.C. §1408. That section specifically provides that a chapter 11 petition may be filed:

in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district. 28 U.S.C §1408.

In addressing a question as to the validity of the selection of a forum by the debtor, it must be remembered that the debtor's choice of forum is given substantial weight. *In re Ocean Properties of Delaware, Inc.*, 95 B.R. 304, 305 (Bankr.D.Del. 1988).

In the instant case, the Debtor properly filed the instant petition in the forum in which his principal assets are located, namely Illinois. On Schedule B (see Ex. A hereto), Liptak listed as his principal asset a money market account with Zurich Funds, distributed by Scudder, 222 S. Riverside Plaza, Chicago, IL 60606, having an estimated value of $2,160,000.00. This account is Debtor's largest asset. Since it is located in this forum, filing the instant petition in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, is proper.

Thornhill disingenuously argues that Liptak resides in Texas, a contention that Liptak does not deny. Thornhill further argues that Liptak recently testified that he is unemployed, and provides a transcript from a deposition to support such a contention. However, a close examination of the text of the deposition transcript shows that Liptak never testified that he was not working. To the contrary, Liptak specifically answered as follows:

Q    By whom are you currently employed?
A    I'm unemployed.
                        ***
Q    And you are not willing to answer any questions of mine with respect to your past employment; is that correct?
A    Well, as far as employment goes, I have not been employed as an employee for many years. I've been for seven – almost eight years I've been a respondent in several malicious lawsuits, and that has taken virtually all of my time, six, seven days a week, many hours a day to try to respond. And, of course, I haven't gotten paid for those – that time.

12

Thus, contrary to Thornhill's assertions, Liptak answered truthfully when he stated he has not been employed as an "employee" for many years. Such is correct in light of his statement that he has been self-employed for several years. Furthermore, Liptak is not relying on a principal place of business for purposes of venue as he listed his principal place of business as Dallas, Texas on his petition and schedules.

Thornhill further states that, in his deposition, Liptak only disclosed assets in Texas, Wisconsin, and Pennsylvania. However, a close examination of the deposition transcript reflects that Thornhill previously knew of these items of property, and that any further inquiry as to property owned and/or controlled by Liptak received a non-responsive answer or refusal to answer. Thus, any assertion by Thornhill that Liptak can't claim additional assets, as they were not disclosed in the deposition, is meritless. Thus, as Liptak's principal asset is located here in Chicago, Illinois, venue is proper in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, and the Debtor's choice of forum should not be disturbed.

**III.   Venue is proper and this Court should not transfer the case on grounds of forum non conveniens as the interests of justice and convenience of the parties will best be served here.**

Thornhill finally argues alternatively that if this Court determines that venue is proper in Illinois, as it is, that the current case should be transferred on the grounds of forum non conveniens as she believes that the interests of justice and the convenience of the parties will be best served if the case is transferred to the Northern District of Texas. Thornhill cites no authority, statutory or otherwise, to support such a contention, but rather relies on a conclusory statement that such transfer would be appropriate if the case was transferred to a forum, "where the debtor and all of the creditors reside." Motion to Dismiss p. 15. Further, Thornhill waived convenience issues by suing Liptak in Pennsylvania. She seeks to dismiss this case primarily to pursue her collection efforts in that state, not in Texas.

Although the decision as to whether to transfer or retain a case lies within the sound discretion of the court, courts have looked at a number of factors in determining whether a transfer of a given case would be in the interest of judicial economy and convenience to the parties. *In re Pickwick Place Ltd. Partnership* 63 B.R. 290, (Bankr.N.D.Ill.,1986); *In re Eleven Oak Tower Limited Partnership,* 59 B.R. 626 (Bankr.N.D.Ill.1986); *In re Butcher,* 46 B.R. 109, 112 (Bankr.N.D.Ga.1985). These factors include: (1) location of the creditors; (2) location of the

debtor; (3) location of witnesses necessary to the administration of the estate; (4) location of the debtor's assets; and (5) which forum would *292 provide for the most efficient and economical administration of the case. *See, In re Bankers Trust,* 403 F.2d 16 (7th Cir.1968); *In re Eleven Oak Tower, Ltd. Partnership, supra; In re Old Delmar Corp.,* 45 B.R. 883 (S.D.N.Y.1985); *In re Ryan,* 38 B.R. 917 (Bankr.N.D.Ill.1984).

The Courts have less readily defined when transferring a case would be in the interests of justice. However, some cases have held that the "interest of justice" component of § 1412 "is a broad and flexible standard which must be applied on a case-by-case basis." *Gulf States Exploration Co. v. Manville Forest Products Corporation,* 896 F.2d 1384, 1391 (2nd Cir. 1990). Therefore, this Court should ask what would be "just" in this case, considering the totality of the circumstances. Debtor suggests that factors to be considered when determining whether abstention would serve the interests of justice include; (1) where will Debtor receive a fair and unbiased hearing and a ruling on the merits? (2) where will Debtor's constitutional rights be more likely to be protected? (3) where will substantive arguments be most likely to be given greater weight than procedural details; and (4) where will issues such as claim allowance and equitable adjudication of property interests, addressed in the Bankruptcy Code, be most readily resolved? Debtor urges the Court to consider that this bankruptcy court, where Debtor has sought refuge and justice, is the best place for such justice to be realized.

## CONCLUSION

For the reasons stated above, this Court should deny Thornhill's motion to dismiss with prejudice and extend the time for Debtor to file his disclosure statement and plan until January 2004, and grant the Debtor such other and further relief as may be just.

Respectfully submitted

VIRGIL F. LIPTAK

By:

Forrest L. Ingram

Forrest L. Ingram, #3129032
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 1210
Chicago, IL 60603
(312) 759-2838
(312) 759-0298 fx

14

FORM 1i6-Cont.
(6/90)

# UNITED STATES BANKRUPTCY COURT
NORTHERN District of ILLINOIS

In re VIRGIL F LIPTAK    Case No. 03 B 29854
Debtor     (If known)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $260,000 | | |
| B - Personal Property | Yes | 3 | $5,922,224 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | $0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $63,131,873 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $1,800 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $6,730 |
| Total Number of Sheets of ALL Schedules ► | | 13 | | | |
| Total Assets ► | | | $6,182,224 | | |
| Total Liabilities ► | | | | $63,131,873 | |

duplicates and (Original) signature attached

EXHIBIT A

FORM B6A
(6/90)

In re **VIRGIL F. LIPTAK**
_____
Debtor

Case No. **03-B29854**
_____
(If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SINGLE FAMILY HOUSE 5208 Caladium Dr Dallas TX 75229 | FEE SIMPLE HOMESTEAD | | $260,000— | NONE |
| | | | | |
| | Total▶ | | $260,000— | |
| | (Report also on Summary of Schedules.) | | | |

FORM B6B
(10/89)

In re __VIRGIL F. LIPTAK__          Case No. __03-B 29854__
       Debtor                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | ON PERSON | | 400 ± |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | SCUDDER @ CHICAGO, IL<br>YANGUARD @ VALLEY FORGE, PA<br>STRONG @ MILWAUKEE, WI<br>AMER. CENTURY @ KCity, MO | | 2,160,000. ±<br>1,784,600 ±<br>38,850 ±<br>105,000 ± |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | NIL | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | SEE SCH.C | | 7,000 — |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | SEE SCH.C. | | 1,500 — |
| 6. Wearing apparel. | | SEE SCH-C | | 500 — |
| 7. Furs and jewelry. | | SEE SCH-C | | 2,500 — |
| 8. Firearms and sports, photographic, and other hobby equipment. | | SEE SCH.C | | 500 — |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | SEE SCH.C<br>SEE SCH.C | | 1,500 ±<br>500 ± |
| 10. Annuities. Itemize and name each issuer. | X | | | |

FORM B6B-Cont.
(10/89)

In re ___VIRGIL F. LIPTAK___      Case No. ___03-B 29854___
    Debtor                                  (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | LINCOLN BEN. LIFE, NE ING, ND | | EXCLUDED EXCLUDED |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 38 shs. PIONEER NTL. (NYSE) RESOURCES | | 874- |
| 13. Interests in partnerships or joint venture. Itemize. | | 35% LTD. PTNSP. INT, RICHARD E. COLGIN I, LTD | | UNKNOWN |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | COMMISSIONS DUE PLUS INT FROM R.E. COLGIN CO. & LINCOLN BEN. LIFE | | 1,800,000 (CLAIMED EST ONLY) |
| 15. Accounts receivable. | | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | SEE #13 ABOVE CHOSE IN ACTION v. WORLD SAVINGS PENDING ACTN v. SHOWA DENKU, NEW YORK AND OTHERS | | UNKNOWN |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | | PENDING ACTION AGAINST ELIZ. THORNHILL SHERIFF JIM BOWLES, | | UNKNOWN |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | STRASBURGER & PRICE, JACKSON WALKER AND OTHERS | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | POTENTIAL TAX REFUND OR DEFICIT COUNTERCLAIMS | | UNKNOWN |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | DISTRIBUTION AND MANUFACTRG PROCESS | | UNKNOWN |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | GOOD WILL | | UNKNOWN |

Form B6B-cont.
(10/89)

In re __VIRGIL F. LIPTAK__    Case No. __03-B 29854__
_____Debtor_____              _____(If known)_____

## SCHEDULE B -PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 CAD (SEE SCH C) 1977 CAD SEDAN, DENISON 1975 OLDS (SEE SCH C) | | $13,000 — 500 — 2,000 — |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | SEE SCH. C | | 2,000 — |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | SEE SCH. C | | 1,000 — |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | PENDING ACTION AGAINST SAFECO INS. CO. | | UNKNOWN |

___0___ continuation sheets attached     Total▶  $ 3,922,224

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

FORM B6C
(6/90)

In re VIRGIL F. LIPTAK
_____Debtor_____

Case No. 03-B 29854
_____(If known)_____

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1):  Exemptions provided in 11 U.S.C. § 522(d).  **Note: These exemptions are available only in certain states.**

☑ 11 U.S.C. § 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION ALL APROXIMATE | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION APROXIMATE |
|---|---|---|---|
| HOMESTEAD 5208 CALADIUM DALLAS TX 75229 | TX PROP. CODE Sect 41.001 et seq. | $260,000 | $260,000 |
| HOUSEHOLD GOODS & FURN'G | TX PROP. CODE Sect. 42.002(a)(1) | $7,000 | $7,000 |
| ART OBJECTS | " Sec 42.002(a)(1) | 1,500 | 1,500 |
| WEARING APPAREL | " Sect 42.002(a)(5) | 500 | 500 |
| JEWELRY | " Sect 42.002(a)(6) | 2,500 | 2,500 |
| FIREARMS ATHLETIC + PHOTOGRAPHY | " Sect 41.002 (a)(7+8) | 500 | 500 |
| LIFE INSURANCE CASH VALUE MET LIFE | TX INSUR. CODE CHPTR. 21 (SUB C) ART. 21.22 et seq. | 1,500  500 | 1,500  500 |
| 2000 CADILLAC CATERA SDN. 1975 OLDSMOBILE | TX PROP CODE 42.002(a)(4) Sect 42.002(a)(9) | 13,000  2,000 | 13,000  2,000 |
| OFC. EQUIP & FURNITURE | " TX PROP CODE Sect 42.002(a)(4) | 2,000 | 2,000 |
| MACHINERY & TOOLS | " Sect 42.002(a)(4) | 1,000 | 1,000 |

FORM B6D
(6/90)

In re __VIRGIL F. LIPTAK__
        Debtor

Case No. __03-B 29854__
        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    ☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

____ continuation sheets attached

Subtotal ► (Total of this page)    $ 0

Total ► (Use only on last page)    $ NONE

(Report total also on Summary of Schedules)

Form B6E
(Rev.4/01)

In re VIRGIC F. LIPTAK
_____
Debtor

Case No. 03-B-29854
_____
(if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

### TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

[ ] **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ] **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ] **Deposits by individuals**

Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

Form 10E
(Rev. 4/01)

In re ___VIRGIL F. LIPTAK___,          Case No. ___03 B 29854___
                Debtor                            (if known)

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

___ continuation sheets attached

FORM B6F (Official Form 6F) (9/97)

In re VIRGIL F. LIPTAK

Debtor

Case No. 03 B 29854

(If known)

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. N/A BOURLAND, KIRKMAN ATTORNEYS 201 MAIN ST. #201 FT WORTH, TX 76102 | X | | 6-30-03 LEGAL FEES SUBJECT TO INDEMNITY | X | X | | 10,872.02 |
| ACCOUNT NO. NONE R.E. COLGIN CO. C/O ELIZ THORNHILL SEE BELOW | X | | AROSE PRIOR TO FINALITY OF DIVORCE SUBJECT TO SETOFF | | X | | 4,087,667. |
| ACCOUNT NO. NONE R.E. COLGIN II, LTD. C/O ELIZ. THORNHILL SEE BELOW | X | | AROSE PRIOR TO FINALITY OF DIVORCE SUBJECT TO SETOFF | X | X | | 28,166,667. |
| ACCOUNT NO. NONE ELIZ. THORNHILL C/O DANIEL SHEHAN | X | | AROSE PRIOR TO FINALITY OF DIVORCE SUBJECT TO SETOFF | X | X | | 30,866,667. |

2200 ROSS AVE
SUITE 3060
DALLAS, TX 75201

Continuation sheets attached NONE

Subtotal ▶ $ 63,131,873

Total ▶ $ 63,131,873
(Report also on Summary of Schedules)

B6G
(10/89)

In re __VIRGIL F LIPTAK__      Case No. __03-B 29854__
      Debtor                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

**NOTE:** A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H
(6/90)

In re __VIRGIL F. LIPTAK__
Debtor

Case No. __03-B 29854__
(If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| DANIEL SHEEHAN, ESQ. 2200 ROSS AVE # 3060 DALLAS, TX 75201 | THE ESTATE OF LOUISE C. PRYOR C/O ELIZABETH THORNHILL EXECUTRIX |
| BANK ONE, NA C/O GEN. COUNSEL CHICAGO, IL | "STRASBURGER PRICE" 901 MAIN ST DALLAS, TX 75201 |
| MICHAEL MORAN, CPA DALLAS, TX | "JACKSON WALKER" 901 MAIN ST DALLAS, TX 75201 |
| JIM HAMLIN, DIST. CLERK DALLAS COUNTY, TX | |
| GODWIN, WHITE & GRUBER 901 MAIN ST. # 2500 DALLAS, TX 75202 | |
| MARK STEWART, ESQ. 1308 LAKE ST. FT. WORTH, TX 76102 | |
| JACK PATE, ESQ. 2414 N. AKARD ST. DALLAS, TX 75201 | |
| KERRY THORNHILL DENTON, TX | |
| THE ESTATE OF GENE PRYOR C/O ELIZABETH THORNHILL EXECUTRIX | |

FORM B6I
(6/90)

In re VIRGIL F. LIPTAK
Debtor

Case No. 03-B 29854
(If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| DIVORCED | NAMES NONE | AGE | RELATIONSHIP |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | LITIGATION MGMT. | NONE |
| Name of Employer | SELF | |
| How long employed | @ (EIGHT YEARS) | |
| Address of Employer | 5208 CALADIUM DR. DALLAS, TX 75229 | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| **Income:** (Estimate of average monthly income) | | |
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ -0- | $ N/A |
| Estimated monthly overtime | $ | $ |
| **SUBTOTAL** | $ | $ |
| **LESS PAYROLL DEDUCTIONS** | | |
| a. Payroll taxes and social security | $ | $ |
| b. Insurance | $ | $ |
| c. Union dues | $ | $ |
| d. Other (Specify: _____ ) | $ | $ |
| **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | $ |
| **TOTAL NET MONTHLY TAKE HOME PAY** | $ -0- | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| Income from real property | $ | $ |
| Interest and dividends | $ 1,800 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | $ |
| Social security or other government assistance (Specify) _____ | $ | $ |
| Pension or retirement income | $ | $ |
| Other monthly income (Specify) _____ | $ | $ |
|  | $ | $ |
| **TOTAL MONTHLY INCOME** | $ 1,800 | $ |

**TOTAL COMBINED MONTHLY INCOME**    $ 1,800 00    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM 9J
(690)

In re __VIRGIL F. LIPTAK__.
Debtor

Case No. __03· B 29854__
(if known)

## SCHEDULE J – CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

Rent or home mortgage payment (include lot rented for mobile home) — $ _____
Are real estate taxes included? Yes ____ No ____
Is property insurance included? Yes ____ No ____
Utilities    Electricity and heating fuel — $ 200 00
      Water and sewer — $ 50 00
      Telephone — $ 150
      Other _____ — $ _____
Home maintenance (repairs and upkeep) — $ 100
      Food — $ 400
Clothing — $ 25
Laundry and dry cleaning — $ 25
Medical and dental expenses — $ 50
Transportation (not including car payments) — $ 100
Recreation, clubs and entertainment, newspapers, magazines, etc. — $ _____
Charitable contributions — $ _____
Insurance (not deducted from wages or included in home mortgage payments)
      Homeowner's or renter's — $ _____
      Life — $ _____
      Health — $ _____
      Auto — $ 130
      Other _____ — $ _____
Taxes (not deducted from wages or included in home mortgage payments)
(Specify) _____ — $ 500
Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
      Auto — $ _____
      Other _____ — $ _____
      Other _____ — $ _____
Alimony, maintenance, and support paid to others — $ _____
Payments for support of additional dependents not living at your home — $ _____
Regular expenses from operation of business, profession, or farm (attach detailed statement) — $ _____
Other _LEGAL FEES AND COSTS_ — $ 3,000
TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) — $ 6,730

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income — $ _____
B. Total projected monthly expenses — $ _____
C. Excess income (A minus B) — $ _____
D. Total amount to be paid into plan each _____ — $ _____
(interval)

Form B6 Cont.
(12/94)

In re *VIRGIL F. LIPTAK*

Debtor

case no. *03-B 29854*
(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___*14*___ (Total shown on summary page plus 1.)

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _*7-31-03*_

Signature: _____
Debtor

Date _____

Signature: _____
(Joint Debtor, if any)

[If joint case, both spouses must sign.]

----

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed or Typed Name of Bankruptcy Petition Preparer

Social Security No.

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____
Signature of Bankruptcy Petition Preparer

Date _____

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

----

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief. (Total shown on summary page plus 1.)

Date _____

Signature: _____

_____
[Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

----

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.