IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Virgil Liptak d/b/a Designed | ) | 03 B 29854 |
| Financial Services, | ) | |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF DECISION

Today after conclusion of the Court's call, the Court received the former Chapter 11 debtor's "Emergency Supplement and Request for Mandamus Re: Debtor/Appellant's 1st Verified Supplemental Motion and Brief for Stay, Pending Appeal." The Court heard this matter on an emergency basis. No respondents or parties in interest appeared; whether they received sufficient notice of this matter is not clear. Mr. Liptak indicated that he faxed notice of the motion to the respondents on February 17, 2004.

Once the hearing commenced, Mr. Liptak made an oral motion that the above document be considered a timely notice of appeal and additionally requested a finding of excusable neglect in the event that it was untimely.

The above filed document does not clearly indicate exactly which papers constitute the notice of appeal. In any event, whether a filing constitutes an notice of appeal and whether it was timely filed is an issue for the appellate forum to decide, not the forum from which the appeal is taken. The appellate forum decides whether its jurisdiction has been properly invoked.

Under Bankruptcy Rule 8002(c), a finding of excusable neglect for the purpose of extending the time to file a notice of appeal is necessary, as long as the extension is requested

within 20 days after the expiration of time to appeal. Mr. Liptak has not presented sufficient grounds for this finding. Numerous Illinois lawyers exist in the Northern District of Illinois, including his attorney who represented him in this bankruptcy case, who could have been hired to file a facially sufficient and timely notice of appeal. He has not established why the normal 10 day period for filing an appeal was insufficient, especially considering the fact that the former debtor filed two emergency motions in person in this bankruptcy case.

Date:  February 19, 2004               ENTERED:

_____
Jacqueline P. Cox
United States Bankruptcy Judge